Filed 7/21/16  P. v. Rice CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARCHIE BRAMLETT RICE, JR.,<br><br>        Defendant and Appellant. | E065607<br><br>(Super.Ct.No. RIF114635)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL HISTORY

On April 15, 2004, an information charged defendant and appellant Archie Bramlett Rice, Jr., with felon in possession of a firearm under Penal Code section 12021, subdivision (a)(1) (count 1), and felon in possession of ammunition under Penal Code

1

section 12316, subdivision (b)(1) (count 2).  The information also alleged a prior conviction on April 4, 1984, for violating Penal Code section 209, subdivision (b); and six special allegations within the meaning of Penal Code section 667, subdivision (c) and (e)(2)(A), and Penal Code 1170.12, subdivision (c)(2).  On September 27, 2004, an amended information amended the prior conviction date, as alleged in count 1, to January 3, 1984, for a violation of Penal Code section 207.

On January 7, 2005, the court sentenced defendant under Penal Code section 667, subdivision (e)(1).  The trial court imposed an indeterminate sentence of 25 years to life as to count 1, and an indeterminate sentence of 25 years to life as to count 2, to run concurrent with count 1.

Ten years later, on December 28, 2015, defendant filed a "Petition for Reconsideration of 'Excessive' Sentence (Proposition 47) and Request for Appointment of Counsel."  The People responded that defendant was ineligible because he had not been convicted of a qualifying felony under Proposition 47.  On February 24, 2016, the trial court denied the petition, noting, "Penal Code section 12021, subdivision (a)(1), and Penal Code section 12316, subdivision (b)(1) are not qualifying felonies."

On March 18, 2016, defendant filed a timely notice of appeal.

### DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of

2

the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

SLOUGH
J.

3